IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Dampskibsselskabet Norden A/S,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No: 1:13-CV-00011-CG-B |
| **Grand China Shipping** | ) |
| **(Hong Kong) Co., Ltd. et al.,** | ) |
| | ) |
| Defendants. | ) |

### ANSWER OF GRAND CHINA LOGISTICS HOLDINGS (GROUP) CO. LTD. AND GRAND CHINA SHIPPING (YANTAI) CO. LTD.

COME NOW Defendants Grand China Logistics Holdings (Group) Co. Ltd. and Grand China Shipping (Yantai) Co. Ltd. and submit this answer to Plaintiff's Verified Complaint dated January 11, 2013 (the "Complaint"), stating as follows:

1. Admit this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, but except as admitted deny the allegations contained in ¶ 1 of the Complaint.

2. Deny knowledge or information sufficient to admit or deny the allegations contained in ¶ 2 of the Complaint.

3. Admit Grand China Shipping (Hong Kong) Co. Ltd ("GCS") was a foreign company organized under the laws of a foreign country and that it chartered the vessel M/V NORD YILAN pursuant to a charter party fixture dated August 30, 2010 (the "Charter"), but except as admitted deny the allegations contained in ¶ 3 of the Complaint.

4. Admit that Grand China Logistics Holdings (Group) Company Limited ("GCL") was and is a foreign company organized under the laws of the People's Republic of China and that it issued a performance guaranty dated August 30, 2010 in respect of GCS's performance under the Charter, but except as admitted deny the allegations contained in ¶ 4 of the Complaint.

5. Admit that Grand China Shipping (Yantai) Co., Ltd. ("GC Yantai") was and is a foreign company organized under the laws of the People's Republic of China and that it is registered with, and filed tariffs with, the United States Federal Maritime Commission, but except as admitted deny the allegations contained in ¶ 5 of the Complaint.

6. Admit that Ocean Container Trading (Hong Kong) Company Limited ("Ocean Container") is organized under the laws of a foreign country, but except as admitted deny the allegations contained in ¶ 6 of the Complaint.

7. Admit that HNA Group Co. Ltd. was and is a corporate entity organized under the laws of the People's Republic of China, but except as admitted deny the allegations contained in ¶ 7 of the Complaint.

8. Deny the allegations contained in ¶ 8 of the Complaint.

9. Deny knowledge or information sufficient to admit or deny the allegations contained in ¶ 9 of the Complaint.

10. Admit the allegations contained in paragraph 10 of the Complaint.

11. Admit that GCL issued a performance guaranty dated August 30, 2010 in respect of GCS's performance under the Charter, but except as admitted deny the allegations contained in ¶ 11 of the Complaint.

12. Admit the allegations contained in ¶ 12 of the Complaint.

13. Admit the allegations contained in ¶ 13 of the Complaint.

14. Admit that the vessel was delivered to GCS on or about November 22, 2010 and that GCS redelivered the vessel to plaintiff on or about December 23, 2011, but except as admitted deny the allegations contained in ¶ 14 of the Complaint.

15. Deny the allegations contained in ¶ 15 of the Complaint.

16. Deny the allegations contained in ¶ 16 of the Complaint.

17. Deny the allegations contained in ¶ 17 of the Complaint.

18. Deny the allegations contained in ¶ 18 of the Complaint.

19. Deny the allegations contained in ¶ 19 of the Complaint.

20. Admit that disputes between plaintiff and GCS are subject to arbitration in London, with English law to apply, but except as admitted deny the allegations contained in ¶ 20 of the Complaint.

21. Admit that plaintiff has commenced arbitration in London pursuant to the Charter and that a panel has been constituted, but except as admitted deny the allegations contained in ¶ 21 of the Complaint.

22 – 56. Deny the allegations contained in ¶¶ 22-56 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action for which relief can be granted.

2. This Court lacks subject matter jurisdiction to grant some or all of the relief requested in the Complaint.

3. This Court lacks personal and/or *quasi in rem* jurisdiction over some or all of the defendants in this matter.

4. This Court lacks jurisdiction because service of process was improper as to some or all defendants in this matter.

20180536 v1

5.      Defendants' appearance in this matter is a "restricted appearance" within the meaning of Rule E(8) of the Supplemental Rules for Admiralty and Maritime Claims and shall in no way be construed as an appearance for any other claim.

6.      Plaintiff's claims against GCS are subject to arbitration in London pursuant to English law.

7.      On April 8, 2013, a winding up order was entered against GCS in Hong Kong, its place of incorporation.  The arbitration tribunal and Plaintiff were informed of the liquidation proceedings on April 11, 2013 and, pursuant to the laws of Hong Kong, all proceedings involving GCS in Hong Kong were stayed.

8.      On June 3, 2013, the High Court in London entered an order recognizing the liquidation and staying all proceedings in London.  A copy of the order was sent to Plaintiff and the arbitration tribunal on June 8, 2013.

9.      To date, the stay of arbitration remains in place and no final award has been entered in favor of any party to the arbitration.

10.     To the extent any other defendant is deemed to be an alter ego of GCS, which is denied, Plaintiff's claims against such party under the Charter are equally subject to the Hong Kong winding up order, the London arbitration, and the English High Court stay.

11.     Plaintiff's claims against GCL under the performance guaranty are subject to the exclusive jurisdiction of the High Court of Justice in England and are subject to English law.  To the extent any other defendant is deemed to be an alter ego of GCL, which is denied, Plaintiff's claims against such party under the performance guaranty are equally subject to its law and jurisdiction clauses.

**WHEREFORE**, Defendants pray as follows:

A. That Plaintiff's maritime attachment be vacated in whole or in part;

B. That Plaintiff's Complaint be dismissed in whole or in part; and

C. That the Court grant Defendants such other and further relief as it deems just and equitable.

Done this 2nd day of December, 2013.

Respectfully submitted,

*s/ John P. Kavanagh, Jr.*
JOHN P. KAVANAGH, JR. (KAVAJ1011)
KASEE S. HEISTERHAGEN (SPARK7253)

Attorneys for Defendants
Grand China Logistics Holdings (Group) Company Limited and Grand China Shipping (Yantai) Co. Ltd.

**OF COUNSEL:**
Burr & Forman LLP
P. O. Box 2287
Mobile, Alabama 36652
Telephone:  251-344-5151
Facsimile:   251-344-9696
Email:  john.kavanagh@burr.com
Email:  kasee.sparks@burr.com

20180536 v1

## CERTIFICATE OF SERVICE

  I hereby certify that on this date, December 2, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Donald M. Briskman
Briskman & Binion, P.C.
P. O. Box 43
Mobile, AL 36601
Phone: 205-433-7600
Fax: 251-433-4485
Email: dbriskman@briskmanbinion.com

George M. Chalos
55 Hamilton Avenue
Oyster Bay, NY 11771
Phone:  516-714-4300
Email: gmc@chaloslaw.com

Benjamin Young Ford
Armbrecht Jackson LLP
P. O. Box 290
Mobile, AL 36601
Phone:  251-405-1310
Email: byf@ajlaw.com

            *s/ John P. Kavanagh, Jr.*
            OF COUNSEL